1  **CASTRUITA LAW FIRM PC**
   Larry S. Castruita, Esq. (SBN 279263)
2  lcastruita@cctrialfactory.com
   2549 Eastbluff Dr. Suite 820
3  Newport Beach, CA 92660
   Tel: (949) 535-1800
4

5

6

7                    UNITED STATES DISTRICT COURT

8         CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

9

| | |
|---|---|
| **CINTAS ACUARIO, INC.**, a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>**HYPHY MUSIC, INC.**, a California Corporation, and Does 1-10.<br><br>Defendants. | Case No. 2:23-cv-08765<br><br>**VERIFIED COMPLAINT FOR:**<br>1. **COPYRIGHT INFRINGEMENT**<br>2. **VICARIOUS COPYRIGHT INFRINGEMENT**<br>3. **CONTRIBUTORY COPYRIGHT INFRINGEMENT**<br>4. **CONSTUCTIVE TRUST;**<br>5. **AND FOR AN ACCOUNTING** |

Plaintiff CINTAS ACUARIO, INC (Cintas), by its counsel, respectfully brings this Complaint against HYPHY MUSIC, INC; and Does 1-10 ("Does") to obtain damages, injunctive relief, and other appropriate relief from all of the above defendants' (collectively, the "Defendants") past and ongoing infringement of Cintas's valuable registered musical composition copyrights per 17 U.S.C. §§ 101 et. seq. and 28 U.S.C. §§ 1331 and 1338. Plaintiff, for this Complaint, alleges as follows upon personal knowledge as to themselves and their own acts and

experiences, and as to all other matters upon information and belief, including investigation conducted by his counsel.

## THE PARTIES

1. Plaintiff CINTAS ACUARIO, INC. (hereinafter "Cintas" or "Plaintiff") is a California corporation doing business in California with a principal place of business located at 430 E. Market Street Long Beach, County of Los Angeles and provides services throughout the United States and in the Central District of California.

2. Defendant HYPHY Music, INC, California Corporation (hereinafter "Hyphy" or "Defendant") is and at all relevant times was, a California Corporation with its registered office in the City of Fresno, County of Fresno, and State of California and provides services throughout the United States and in the Central District of California..

3. Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise, of Defendants sued herein as DOES 1 through 10, inclusive, and thus names them under pursuant to Rule 10 of the Federal Rules of Civil Procedure. Defendant DOES 1 through 10, inclusive, are in some manner responsible for the acts, occurrences and transactions set forth herein, and are legally liable to Plaintiff. Plaintiff will set forth the true names and capacities of the fictitiously named Defendants together with appropriate charging allegations when ascertained. Defendants Hyphy, and DOES 1 through 10 are hereinafter collectively referred to as "Defendant" or "Defendants".

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction of this action pursuant to This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because federal questions presented herein arise under the United States

Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et. seq. and the amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

5. This Court has personal jurisdiction over Defendants because the events giving rise to this claim occurred in the Central District of California, some of the Defendants reside in or were organized under the laws of California, and all Defendants have purposefully directed either advertising, sales, distributions, or digital transmissions of their recordings, including the infringing works, to citizens of California.

**INTRODUCTION AND BACKGROUND**

6. This case involves the unauthorized use of no less than twenty six (26) musical compositions that were re-recorded multiple times by various artists signed to Hyphy, reproduced, copied published, performed publicly, and distributed for sale or streaming (public performance) in multiple formats including digitally, on Compact Discs, cassettes and DVD both physically and electronically.

7. Cintas Acuario is a music publisher that owns, administers, controls and collects from the exploitations of musical composition in the Spanish language in the United States and throughout the world.

8. Hyphy is a music label that is in the business of obtaining master recording rights of artists signed to its label in exchange for a contractual interest in the sale and exploitation of such master recordings.

9. Hyphy is a competitor of Cintas.

10. At all material times herein, Plaintiff is and was the owner, publisher, and/or administrator of copyrights in and for certain musical compositions and exploited such copyrights through various licenses for use of the compositions in audio and video recordings and public performances, among other thing, including those broadcast on radio, telecast on television, and captured in recordings sold at retail, digital downloads, streaming, and other formatted throughout the universe including in the United States, and within the Central District of California.

11. From the date of creation through the date of registration, Plaintiff has complied in all respects with the Copyright Act of 1976 and all other laws governing copyrights of the infringed compositions with respect to the below-referenced copyright.

12. Attached hereto as **Exhibit A** is a spread sheet containing those compositions now known to be owned by Cintas and infringed upon by Hyphy. The First Column is the original title. The Second column lists the Hyphy Artists who have released re-recorded versions of the composition listed in the first column. The third column is what is believed and therefore alleged to be the Hyphy or Hyphy licensee catalogue numbers for the release of their artists versions of the infringing compositions. The fourth column is the copyright registration number for all of those compositions that are registered with the United States Copyright Office, and the last column is the date of registration for those registered compositions.

13. The works infringed upon were registered with the US Copyright office as follows:

   a. Andan Tomando Los Plebes;
   b. Baltazar Diaz - PA-1-373-355 - PA-1-372-768;
   c. Corrido de Badiraguato - PA-830-547;
   d. El Cartel De Las Calles - PA-823-149;
   e. Entre Perico Y Perico - PA-835-442;
   f. Gato Por Liebre (Cara Bonita) - PA-1-011--367;
   g. Intercambio de Drogas - PA- 1-377-759;
   h. Los Empacadores (Por El Rudio de la Cinta) - PA-1-042-564;
   i. Los Plebes Atrevidos - PA-1-364-376;
   j. Me Gusta El Polvo (Me Gusta Ponerle Al Polvo) PA-1-374-006;
   k. Mi Clavo :No Haylaron - PA-1-374-018;
   l. Orden de Aprehencion (Lo Mejor en corridos) - PA-1-042-563;
   m. Pobres Federales Narcos (Narcos Y Perros) - PA-1-372-765;

      n.  Ramoncito Qunionez - SRU-308-397;

      o.  Se Escacio La Mercancia - PA-1-372-766;

      p.  Soy de la Sierra (Soy Michocano) - PA-1-364-370;

      q.  Soy Malandrin - PA-1-364-381;

      r.  Un Gallo Jugado - PA-1-009-871;

14. The Composition titled "El Prieto Crispin" is not a registered copyright, but the ownership documents assigning Cintas the exclusive rights to administer, duplicate, distribute, publicly perform, and otherwise exploits are attached hereto as **Exhibit B**.

15. The Composition titled "El Deprecio Del Pobre" is not a registered copyright, but the ownership documents assigning Cintas the exclusive rights to administer, duplicate, distribute, publicly perform, and otherwise exploits are attached hereto as **Exhibit C**. This composition has been fixed in tangible form both in written and audio recorded versions by Plaintiff and or Plaintiff's artists.

16. The Composition titled "Mujer Honrada" or "Honrada" is not a registered copyright, but the ownership documents assigning Cintas the exclusive rights to administer, duplicate, distribute, publicly perform, and otherwise exploits are attached hereto as **Exhibit D.** This composition has been fixed in tangible form both in written and audio recorded versions by Plaintiff and or Plaintiff's artists.

17. The Composition titled "Mas Manchas Del Tigre" is not a registered copyright, but the ownership documents assigning Cintas the exclusive rights to administer, duplicate, distribute, publicly perform, and otherwise exploits will arise during discovery. This composition has been fixed in tangible form both in written and audio recorded versions by Plaintiff and or Plaintiff's artists.

18. Those preceding compositions alleged are those now know to Plaintiff. However, Plaintiff believes and therefore alleges that both more compositions have been infringed upon and in multiple exploitations.

19. Plaintiff is informed and based thereon alleges that each of the above compositions (the "Infringed Compositions") have been infringed on multiple occasions including being duplicated, copied, released on multiple occasions and in various formats including, without limitation, cassette, compact disc (CD), digital video disc (DVD), digital downloads online, streaming, multi-album sets of each of the preceding, publicly performed, improperly licensed, and otherwise knowingly exploited without the consent of or license from Plaintiff.

20. Each of the Infringed upon Compositions and their copyrights are valuable to Plaintiff as Plaintiff is in the business of protective, administering and exploiting the same as, without limitation, master recordings, public performances, derivative works and/or licensing the Infringed Compositions for the same.

21. At one point, Plaintiff offered to license various of the Infringed Compositions and an agreement was created. However, Defendant never paid any agreed upon sums as consideration in respect of such proposed licenses thereby nullifying any agreement therefor.

22. In engaging in the acts complained of herein, Defendants, among other things, also failed to properly credit Plaintiff or its writers as the authors, publishers, and/or copyright holders of the Infringed Compositions, and either falsely implied that legal authorization was obtained from Plaintiff as copyright owner of Infringed Compositions or simply falsely held out that its own artists were the original writers of the compositions when they were not.

### FIRST CLAIM FOR RELIEF
### COPYRIGHT INFRINGEMENT
### (BY PLAINTIFF AGAINST ALL DEFENDANTS)

23. Plaintiff incorporates by reference as if set forth in full herein the allegations of Paragraph 1 through 22 of this Complaint.

24. Plaintiff is, and at all material times hereto has been, the owner of the copyright in the Infringed Compositions and is entitled and authorized to protect his

composition against copyright infringement, including the enforcement of copyright actions. Plaintiff secured the exclusive rights under 17 U.S.C. Section 106, among others, to "reproduce the copyrighted work in copies or phonorecords," "to prepare derivative works based upon the copyrighted work," and to "perform the copyrighted work publicly."

25. Plaintiff is informed and based thereon alleges that each of the Infringed Compositions have been infringed upon by Defendant on multiple occasions including being duplicated, copied, released (published) on multiple occasions and in various formats including, without limitation, cassette, compact disc (CD), digital video disc (DVD), digital downloads online, streaming, multi-album sets of each of the preceding, publicly performed, improperly licensed, and otherwise knowingly exploited without the consent of or license from Plaintiff.

26. Defendants had access to the Infringed Compositions as the same had previously been recorded and released by Plaintiff's artists in the same genre and among the same customer base as Defendant's artists.

27. Plaintiff did not authorize Defendants to copy, reproduce, perform, distribute in any way, or nor otherwise exploit the Infringed Compositions. Defendants did not seek or obtain any permission, consent, or license from Plaintiff for the copying, reproduction, performance, or use of the Infringed Compositions and did not perform any obligation when Plaintiff offered a license to Defendants for some of the Infringed Compositions.

28. The number of Compositions infringed and the amount of instances of infringement of each amount to a significant number of willful instances of infringement.

29. Defendants' infringing acts alleged herein were willful, deliberate, repeated, and committed with prior notice and knowledge of Plaintiff's copyright. At a minimum, Defendants acted in reckless disregard of Plaintiff's copyright.

30. As a result of their actions, Defendants are liable to Plaintiff for willful copyright infringement under 17 U.S.C. Section 501. Plaintiff suffered, and will continue to suffer, substantial damage to his professional reputation and goodwill, as well as losses in an amount not yet ascertained, but which will be determined according to proof. In addition to Plaintiff's actual damages, Plaintiff is entitled to receive the profits made by Defendants from their wrongful acts, pursuant to 17 U.S.C. Section 504. In the alternative, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. Section 504(c), which should be enhanced by 17 U.S.C. Section 504(c)(2) because of Defendants' willful copyright infringement.

31. Plaintiff does have an adequate remedy at law for Defendants' wrongful conduct in that (i) Plaintiff's copyright is unique and valuable property which has no readily determinable market value; (ii) the infringement by Defendants constitutes an interference with Plaintiff's goodwill and professional reputation; and (iii) Defendants' wrongful conduct, and the damages resulting to Plaintiff therefrom, is continuing. Defendants' acts of copyright infringement have caused Plaintiff irreparable injury, and Defendants threaten to continue to commit these acts. Plaintiff is entitled to injunctive relief under 17 U.S.C. Section 502 enjoining any use or exploitation by Defendants of their infringing composition and all sound recordings of the Infringed Compositions and to an order under 17 U.S.C. Section 503 that any of Defendants' infringing products be impounded and destroyed.

32. Plaintiff is also are entitled to recover their attorneys' fees and costs of suit under 17 U.S.C. Section 505.

### SECOND CLAIM FOR RELIEF
### VICARIOUS COPYRIGHT INFRINGEMENT
### (BY PLAINTIFF AGAINST ALL DEFENDANTS)

33. Plaintiff incorporates by reference all of the foregoing Paragraphs as if fully set forth herein.

34. Plaintiff is, and at all material times hereto has been, the owner of the copyright in the Infringed Compositions and is entitled and authorized to protect his composition against copyright infringement, including the enforcement of copyright actions. Plaintiff secured the exclusive rights under 17 U.S.C. Section 106, among others, to "reproduce the copyrighted work in copies or phonorecords," "to prepare derivative works based upon the copyrighted work," and to "perform the copyrighted work publicly."

35. Plaintiff is informed and based thereon alleges that Defendant has licensed to third parties rights that Defendant did not have including, without limitation the purported right to duplicate, copy, release (publish) on multiple occasions and in various formats including, without limitation, cassette, compact disc (CD), digital video disc (DVD), digital downloads online, streaming, multi-album sets of each of the preceding, publicly performed, improperly licensed, and otherwise knowingly exploit without the consent of or license from Plaintiff.

36. Defendants had access to the Infringed Compositions as the same had previously been recorded and released by Plaintiff's artists in the same genre and among the same customer base as Defendant's artists.

37. Plaintiff did not authorize Defendants to copy, reproduce, perform, distribute in any way, or nor otherwise licenses, transfer or exploit the Infringed Compositions. Defendants did not seek or obtain any permission, consent, or license from Plaintiff for the copying, reproduction, performance, or use of the Infringed Compositions and did not perform any obligation when Plaintiff offered a license to Defendants for some of the Infringed Compositions.

38. The number of Compositions infringed and the amount of instances of infringement of each amount to a significant number of willful instances of infringement.

39. Defendants' infringing acts alleged herein were willful, deliberate, repeated, and committed with prior notice and knowledge of Plaintiff's copyright. At a minimum, Defendants acted in reckless disregard of Plaintiff's copyright.

40. As a result of their actions, Defendants are liable to Plaintiff for willful copyright infringement under 17 U.S.C. Section 501. Plaintiff suffered, and will continue to suffer, substantial damage to his professional reputation and goodwill, as well as losses in an amount not yet ascertained, but which will be determined according to proof. In addition to Plaintiff's actual damages, Plaintiff is entitled to receive the profits made by Defendants from their wrongful acts, pursuant to 17 U.S.C. Section 504. In the alternative, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. Section 504(c), which should be enhanced by 17 U.S.C. Section 504(c)(2) because of Defendants' willful copyright infringement.

41. Plaintiff does have an adequate remedy at law for Defendants' wrongful conduct in that (i) Plaintiff's copyright is unique and valuable property which has no readily determinable market value; (ii) the infringement by Defendants constitutes an interference with Plaintiff's goodwill and professional reputation; and (iii) Defendants' wrongful conduct, and the damages resulting to Plaintiff therefrom, is continuing. Defendants' acts of copyright infringement have caused Plaintiff irreparable injury, and Defendants threaten to continue to commit these acts. Plaintiff is entitled to injunctive relief under 17 U.S.C. Section 502 enjoining any use or exploitation by Defendants of their infringing composition and all sound recordings of the Infringed Compositions and to an order under 17 U.S.C. Section 503 that any of Defendants' infringing products be impounded and destroyed.

42. Plaintiff is also are entitled to recover their attorneys' fees and costs of suit under 17 U.S.C. Section 505.

///

///

///

## THIRD CLAIM FOR RELIEF
## CONTRIBUTORY COPYRIGHT INFRINGEMENT
## (BY PLAINTIFF AGAINST ALL DEFENDANTS)

43. Plaintiff incorporates by reference all of the foregoing Paragraphs as if fully set forth herein.

44. Plaintiff is, and at all material times hereto has been, the owner of the copyright in the Infringed Compositions and is entitled and authorized to protect his composition against copyright infringement, including the enforcement of copyright actions. Plaintiff secured the exclusive rights under 17 U.S.C. Section 106, among others, to "reproduce the copyrighted work in copies or phonorecords," "to prepare derivative works based upon the copyrighted work," and to "perform the copyrighted work publicly."

45. Plaintiff is informed and based thereon alleges that Defendant has licensed to third parties rights that Defendant did not have including, without limitation the purported right to duplicate, copy, release (publish) on multiple occasions and in various formats including, without limitation, cassette, compact disc (CD), digital video disc (DVD), digital downloads online, streaming, multi-album sets of each of the preceding, publicly performed, improperly licensed, and otherwise knowingly exploit without the consent of or license from Plaintiff.

46. Defendants had access to the Infringed Compositions as the same had previously been recorded and released by Plaintiff's artists in the same genre and among the same customer base as Defendant's artists.

47. Plaintiff did not authorize Defendants to copy, reproduce, perform, distribute in any way, or nor otherwise licenses, transfer or exploit the Infringed Compositions. Defendants did not seek or obtain any permission, consent, or license from Plaintiff for the copying, reproduction, performance, or use of the Infringed Compositions and did not perform any obligation when Plaintiff offered a license to Defendants for some of the Infringed Compositions.

48. The number of Compositions infringed and the amount of instances of infringement of each amount to a significant number of willful instances of infringement.

49. Defendants' infringing acts alleged herein were willful, deliberate, repeated, and committed with prior notice and knowledge of Plaintiff's copyright. At a minimum, Defendants acted in reckless disregard of Plaintiff's copyright.

50. As a result of their actions, Defendants are liable to Plaintiff for willful copyright infringement under 17 U.S.C. Section 501. Plaintiff suffered, and will continue to suffer, substantial damage to his professional reputation and goodwill, as well as losses in an amount not yet ascertained, but which will be determined according to proof. In addition to Plaintiff's actual damages, Plaintiff is entitled to receive the profits made by Defendants from their wrongful acts, pursuant to 17 U.S.C. Section 504. In the alternative, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. Section 504(c), which should be enhanced by 17 U.S.C. Section 504(c)(2) because of Defendants' willful copyright infringement.

51. Plaintiff does have an adequate remedy at law for Defendants' wrongful conduct in that (i) Plaintiff's copyright is unique and valuable property which has no readily determinable market value; (ii) the infringement by Defendants constitutes an interference with Plaintiff's goodwill and professional reputation; and (iii) Defendants' wrongful conduct, and the damages resulting to Plaintiff therefrom, is continuing. Defendants' acts of copyright infringement have caused Plaintiff irreparable injury, and Defendants threaten to continue to commit these acts. Plaintiff is entitled to injunctive relief under 17 U.S.C. Section 502 enjoining any use or exploitation by Defendants of their infringing composition and all sound recordings of the Infringed Compositions and to an order under 17 U.S.C. Section 503 that any of Defendants' infringing products be impounded and destroyed.

52. Plaintiff is also are entitled to recover their attorneys' fees and costs of suit under 17 U.S.C. Section 505.A

## FOURTH CLAIM FOR RELIEF
## CONSTRUCTIVE TRUST
### (BY PLAINTIFF AGAINST ALL DEFENDANTS)

53. Plaintiff incorporates by reference all of the foregoing Paragraphs as if fully set forth herein.

54. By virtue of their wrongful conduct, Defendants illegally received money and profits that rightfully belonged to Plaintiff.

55. Defendants are therefore involuntary trustees, holding the gross receipts from their product sales and revenues to the extent attributable to exploitations of any media or product containing the Infringed Compositions and therefore attributable to the infringement of Plaintiff's copyright therein. Defendants hold such moneys and funds on behalf of and subject to a first and prior lien against all others and in favor of Plaintiff. On information and belief, Defendants hold this illegally received money and profits in the form of bank accounts, real property, and personal property that can be located and traced.

56. Plaintiff is entitled to the remedy of a constructive trust in view of Defendants' wrongful infringement of Plaintiff's copyright in the Infringed Compositions.

## FIFTH CLAIM FOR RELIEF
## FOR AN ACCOUNTING
### (BY PLAINTIFF AGAINST ALL DEFENDANTS)

57. Plaintiff incorporates by reference all of the foregoing Paragraphs as if fully set forth herein.

58. Under 17 U.S.C. Section 504, Plaintiff may recover any and all profits of Defendants that are attributable to their acts of infringement.

59. A balance is due from Defendants, and each of them, to Plaintiff for misappropriation of profits and gross receipts arising from or attributable to

Defendants' copying, reproduction, performance, and use of the Infringed Compositions and consequent violation and infringement of Plaintiff's copyright in the same.

60. The exact amount of money due from Defendants is unknown to Plaintiff and can only be ascertained through an accounting. Plaintiff seeks an order from this Court directing Defendants to provide Plaintiff with an accounting and payment of the amount due as a result of the accounting, plus interest.

## PRAYER

WHEREFORE, Plaintiff respectfully requests judgment against Defendants and each of them jointly and severally, as follows:

1. That the Court enter judgment against Defendants, and each of them, that Defendants have:

    a. infringed Plaintiff's rights in the copyrights in the Infringed Compositions under 17 U.S.C. Section 501, and that the infringement by Defendants, and each of them, was willful; and,

    b. otherwise injured the business reputation and business of Plaintiff through the acts and conduct set forth in this Complaint;

2. For the damages suffered by Plaintiff as a result of the infringement complained of herein, as well as disgorgement of any profits of Defendants attributable to their infringement, including the value of all gains, profits, advantages, benefits, and consideration derived by Defendants from and as a result of their infringement of Plaintiff's copyrights in the Infringed Compositions;

3. In the alternative, if Plaintiff's so elect, in lieu of recovery of their actual damages and Defendants' profits, for a 17 U.S.C. Section 504(c) award of statutory damages against Defendants, or any of them, for all copyright

infringements (willful or otherwise) involved in this action as to registered each work in question;

4. That Defendants, and each of them, and each of their respective officers, agents, and employees, and all persons acting in concert with them, be enjoined preliminarily, during the pendency of this action, and permanently thereafter, from infringing the copyrights in the Infringed Compositions in any manner and from distributing, selling, advertising, broadcasting, publishing or communicating, in the United States or elsewhere, any visual or sound recordings (including those identified in this Complaint), as well as any sheet music, commercials, or other merchandise or materials that contain or refer to all or part of the Infringed Compositions absent prior consent and license from Plaintiff;

5. That the Court enters an order pursuant to 15 U.S.C. Sections 503 and 509 mandating the impounding of all infringing copies of the Infringed Compositions and any other materials prepared by Defendants containing any copies of the Infringed Compositions or any portions thereof;

6. That the Court declares, adjudges, and decrees that Defendants, and each of them, have been and are involuntary and constructive trustees, holding the gross receipts from the aforesaid production, broadcast, distribution, sale, or other exploitation of any exploitation of the Infringed Compositions, and that Defendants, and each of them, hold all such monies and funds on behalf of and subject to a first and prior lien against all others and in favor of Plaintiff;

7. That Defendants, and each of them, be required to account for and pay over to Plaintiff all gains and profits derived by Defendants, and each of them, from or attributable to production, broadcasting, licensing, distribution, sale, or other exploitation of any of the Infringed Compositions or any

other uses of all or part of the same made, licensed or authorized by Defendants, or any of them, in any format, media, or market.

8. For reasonable attorney fees and costs of suit incurred herein; and
9. For such other and further relief in favor of Plaintiff as the Court deems just and proper.

Dated: October 18, 2023    **CASTRUITA LAW FIRM PC**

_____
Larry S. Castruita, Esq. (SBN 279263)
Attorneys for Plaintiff: Cintas Acuario, Inc.